# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG A. HENISE, | : | |
| Plaintiff, | : | Civil Action No. 1:10-cv-1775 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MARY SABOL, et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

## MEMORANDUM ORDER

Presently pending before the Court is the Report and Recommendation of Magistrate

Judge Carlson (Doc. No. 41), addressing Defendants' motions to dismiss (Doc. Nos. 26, 31, 35).

On December 22, 2010, Plaintiff filed a document styled "Motion to Clarify and explain, answer

the recomendation [sic] of the court" (Doc. No. 42), which the Court will construe as objections

to the Report and Recommendation. The Court will adopt the Report and Recommendation in

full, but will write briefly to address Plaintiff's objections.[1]

On August 24, 2010, Plaintiff, proceeding pro se, filed his original complaint. (Doc. No.

1.) The complaint named fourteen defendants and asserted claims under 42 U.S.C. § 1983 and

the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 201 et seq.

(Doc. No. 1.) The complaint contained factual allegations regarding an altercation between

Plaintiff and four correctional staff Defendants in 2008, a series of complaints regarding the

prison's medical service providers, allegations that there was a delay in providing Plaintiff with

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b),
provide that any party may file written objections to a magistrate's proposed findings and
recommendations. In deciding whether to accept, reject, or modify the Report and
Recommendation, the Court is to make a de novo determination of those portions of the Report
and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

medication, and factual assertions that certain Defendants violated Plaintiff's HIPAA rights by

publicly disclosing patient information when they shouted replies to Plaintiff during arguments

with him. (Doc. No. 1 at 3-22.) On October 18, 2010, Plaintiff moved to file an amended

complaint. (Doc. No. 18.) Judge Carlson granted Plaintiff's motion on October 21, 2010, and

Plaintiff filed a document styled "amended complaint" on October 29, 2010. (Doc. Nos. 23, 25.)

However, this document only alleged facts relating to Defendants Rollings and Catone, whom

Plaintiff claims violated HIPAA by disclosing his medical information to others in the course of

arguments with Plaintiff. (Id. at 3, 4.) All Defendants who had been served filed motions to

dismiss Plaintiff's claims, arguing that Plaintiff failed to exhaust administrative remedies and to

state a claim upon which relief may be granted. (Doc. Nos. 26, 31, 35.) Plaintiff filed a

document titled "Motion of Consolidated Response To The Defendants Motions to Dismiss"

(Doc. No. 40), which Judge Carlson properly construed as a response in opposition to

Defendants' motions (Doc. No. 41 at 5).

The factual details and legal standards governing Defendants' motions to dismiss are

comprehensively set forth in Judge Carlson's report and need not be reproduced here. In his

report, Judge Carlson recommends that Defendants' motions to dismiss be granted. (Doc. No.

41.) Specifically, Judge Carlson found that Plaintiff's claims against correctional staff

Defendants arising out of an incident in 2008 should be dismissed with prejudice for failing to

exhaust administrative remedies. (Id. at 14-17.) Judge Carlson also found that Plaintiff's

HIPAA claims should be dismissed with prejudice because HIPAA does not create a private

right of action. (Id. at 17.) Judge Carlson recommends that Plaintiff's remaining claims be

dismissed without prejudice and that Plaintiff be granted leave to file a second amended

complaint.  (Id. at 27.)  Although Plaintiff's objections to the Report and Recommendation are without merit, the Court will address them briefly.

Plaintiff's first objection is that his claims against Defendants Daryman, Bolding, Francisco, and Lawrence should not be dismissed because he has exhausted administrative remedies with respect to these claims.  (Doc. No. 42 at 2.)  This objection is without merit.  The Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust all available administrative remedies in the prison before seeking relief in federal court.  See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 93 (2006).  Plaintiff's claims against these Defendants involve an incident that occurred in 2008.  (Doc. No. 1 at 3.)  However, Plaintiff acknowledged that he did not pursue institutional grievance procedures for this incident until July 30, 2010. (Id. at 11.)  Plaintiff's grievance was denied as untimely.  (Id.)  Plaintiff argues that because he filed this untimely grievance as well as several appeals, he has exhausted administrative remedies.  (Doc. No. 42 at 3.)  As the Supreme Court has explicitly held, "an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's mandatory exhaustion requirement.  Woodford, 548 U.S. at 83-84 (finding that "[p]roper exhaustion demands compliance with . . . deadlines"); see also Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004).  Accordingly, the Court finds no error in Judge Carlson's recommendation that Plaintiff's claims against Defendants Daryman, Bolding, Francisco, and Lawrence arising out of the 2008 incident be dismissed with prejudice for failure to exhaust administrative remedies.

Plaintiff next discusses interactions with Defendants Catone and Cachow and the fact that they alleged denied Plaintiff his "much needed pain medication."  (Doc. No. 42 at 3-4.)  Plaintiff

also notes that he has filed grievances with Defendants Gallagher, Doll, and Sabol regarding an alleged denial of his bipolar medication from May 4, 2010, to June 9, 2010. (Id. at 6.) The Court will construe these discussions as objections to Judge Carlson's finding that Plaintiff failed to allege facts sufficient to support an Eighth Amendment constitutional violation. (Doc. No. 41 at 18.) As Judge Carlson correctly noted, to establish a violation of his constitutional right to adequate medical care, Plaintiff "must demonstrate (1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1997). A de novo review leads the Court to conclude that Plaintiff's objections are without merit. The Court finds no error in Judge Carlson's conclusion that, based on the facts as currently pleaded, Plaintiff has failed to demonstrate deliberate indifference to his medical needs. (Doc. No. 41 at 23-24.)

Next, Plaintiff describes occasions in which Defendants Catone and Rawlings disclosed Plaintiff's medical information in the presence of others and claims that, in doing so, Defendants Catone and Rawlings violated his HIPAA rights. (Doc. No. 42 at 5-6.) To the extent Plaintiff is objecting to Judge Carlson's recommendation that Plaintiff's claims under HIPAA be dismissed with prejudice, this objection is without merit. While the Court of Appeals for the Third Circuit has not specifically addressed whether there is a private right of action under HIPAA, courts within the Third Circuit and other Courts of Appeals have found that HIPAA does not create a private right of action for individual plaintiffs. See Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006); Buchanan v. Gay, 491 F. Supp. 2d 483, 497 (D. Del. 2007); Dominic J. v. Wyo. Valley W. High Sch., 362 F. Supp. 3d 560, 573 (M.D. Pa. 2005).

Accordingly, the Court will not disturb Judge Carlson's recommendation that Plaintiff's HIPAA claims be dismissed with prejudice.

Finally, Plaintiff provides an explanation as to why he listed the company Global Tele-Link as a Defendant in this action. (Doc. No. 42 at 6-7.) To the extent that this explanation is an objection to Judge Carlson's finding that Plaintiff's claims against Defendant Global Tele-Link be dismissed without prejudice, this objection fails. As Judge Carlson recognized, Plaintiff has failed to allege any facts demonstrating that Defendant Global Tele-Link violated Plaintiff's constitutional rights or that the company should be considered a state actor for purposes of civil rights liability. The Court finds no error with Judge Carlson's recommendation that Plaintiff's claims against Defendant Global Tele-Link be dismissed without prejudice.

In sum, the Court agrees with Judge Carlson's findings that Plaintiff's claims arising under HIPAA and out of the 2008 incident are properly dismissed with prejudice. The Court will dismiss Plaintiff's remaining claims without prejudice and Plaintiff will be granted leave to properly amend[2] his complaint to cure the noted deficiencies of such claims. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007) (finding that pro se plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety). Plaintiff is reminded that any amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaints already filed. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case.

---

[2] Plaintiff is referred to Federal Rules of Civil Procedure 8, 9, and 10 for the rules of pleading in federal court.

**ACCORDINGLY**, on this 6th day of January 2011, **IT IS HEREBY ORDERED**

**THAT**:

1.    The Report and Recommendation (Doc. No. 41) is **ADOPTED**.

2.    Defendants' Motions to Dismiss (Doc. Nos. 26, 31, 35) are **GRANTED**. Plaintiff's claims arising under the Health Insurance Portability and Accountability Act are **DISMISSED WITH PREJUDICE**.  Plaintiff's claims arising out of the 2008 incident are **DISMISSED WITH PREJUDICE**.  All other claims are **DISMISSED WITHOUT PREJUDICE**.

3.    Plaintiff shall file a second amended complaint on or before February 22, 2011.

4.    Plaintiff's "Motion to Clarify and explain, answer the recommendation of the court" (Doc. No. 42), which is construed as objections to the Report and Recommendation, is **OVERRULED**.

5.    Plaintiff's "Motion of Consolidated Response To The Defendants Motion to Dismiss", which is construed as a response in opposition to Defendants' Motions to Dismiss, is **OVERRULED**.

6.    The case is referred back to the Magistrate Judge.

                         S/ Yvette Kane
                         Yvette Kane, Chief Judge
                         United States District Court
                         Middle District of Pennsylvania